May it please the Court, Richard Rayner from the Federal Public Defender's Office in Tucson, Arizona. I represent Merced Melchor-Meceno. The issue here is whether the Colorado menacing statute is a crime of violence. It's not a crime of violence because it doesn't require intent.  As the Court stated in Fernandez-Ruiz, the bedrock principle of LEOCAL decided by the United States Supreme Court is that intent is required. Here we have a Colorado menacing statute that requires something less than intent. Under the Hines case, which interprets the statute under Colorado case law, someone who is holding a gun to their side and knows that by holding that gun to their side that someone will be made afraid, that's sufficient for conviction under the Colorado statute. And that is not necessarily an intentional act. Well, just a minute. If they know that's what's going to cause, and so they put the gun to their side, how can one say there isn't intent? If they know that's what's going to be caused by putting their gun on their hip, and then they put the gun on the hip knowing that's going to, why is that not a intent? Your Honor, there's a distinction between knowledge and intent. I appreciate there's a distinction. And I would point to in Fernandez-Ruiz at page 1134, the Court said that the crime of violence language, use of force against the person or property of another, implies that the use must be a means to an end. Here, that's not required in the Colorado menacing statute. Tell me one problem. As I see the crime of violence, it's the use, attempted use, threatened use of physical force. And with that comes the intent. And we've also said it has to be violent. All right? On the other hand, I see threat. Now, threat or physical action is the one that's always caused me the problem here. But threat or physical action, knowingly placed or attempted to place another person in fear of imminent serious bodily injury. Now, to me, the Colorado statute is bigger than our statute, in that we only say use, attempted use of physical force against another. We don't even talk about imminent serious bodily injury if we didn't even have our case law. We've got our case law, and we're stuck with it. But then that talks about violence. But I'm still trying to figure out how one can threat or use physical action knowingly placing another in fear of imminent serious bodily injury without intent. Give me the time. Give me the crime. Give me the circumstance. That's your job. Give me a California case that I can come up with that doesn't do that. Well, you have, even just looking at the Hines case itself, where you have the court saying this person pointed a finger at the victim and also held his other hand to the side with a gun. And the court said that under either prong, whether it's based upon a threat or physical action, either case only knowingly is the mens rea that's required. And so the example is, let's say someone is in their house. They have a gun. And there's someone in their driveway. They decide they're going to go out to the driveway, and they're angry at this person. And they have their gun to the side, and they go over to the driveway. The person's there, and there happens to also be another pedestrian walking down the street. Now, this person knows that by coming out while they're angry at that person in the driveway, and while they're carrying the gun, that this person on the sidewalk is going to be afraid. And they don't intend to. Well, but you seem to be arguing that it's enough to intend to threaten or that – I'm getting mixed up. I thought your argument – I thought you were going to say that there's a difference between intending to threaten and intending to use force. Well, there is that difference as well, because the – under the Colorado statute, the intent that's required is just intent to cause – or it's not an intent, but knowledge that fear is going to result. That's right. And that, I thought your position was, is not enough to be a crime of violence. Yes, Your Honor. And it – under – to be a crime of violence, it requires an intent to use physical and violent force. Right. Whereas this just requires knowledge that fear is going to result. So there is – there's that. Or an intent to threaten. Yes. Or cause fear. But that's not the same as causing harm or using force. Yes, Your Honor. Is that – is that essentially what – because I'm not sure it's coming out that way. That's essentially it. That's essentially it, Your Honor. I guess I'm still trying to figure out how one can threat, knowing it will place somebody in attempt to place another in fear of eminent harm, or use physical action, knowing that will place or attempt to place another in fear of serious bodily injury, that doesn't carry intent. It is – If you have a threat or a physical action, knowing that it places or attempts to place another in fear of bodily – of eminent serious bodily injury, I'm trying to figure out the crime that you wouldn't have intent with that. I'm trying to come up with it. Under Colorado law, which is where I got to look, if I know that they will be placed or attempted to be placed in fear of bodily injury by what I do, then I'm trying to figure out how I can any more than intend the threat or intend the physical action. And I'm not sure that I have an answer for you, Your Honor. But I would point out that the – He's right, isn't he? But that's not – I thought that wasn't the point under the federal law. Right. You can intend to put someone in fear, but that's not a crime of violence under the federal law, at least as we've interpreted it. Yes, and there's – but there's also the point that the Colorado legislature in 1977 changed the offense from a specific intent offense to a general intent offense, and there was a purpose for doing so. And it was – one of the reasons – Well, that really doesn't get us very far, because under United States v. Bonilla-Montenegro, our circuit says crime of violence includes general intent crimes. And that's not determinative, whether it's a general intent crime or a specific intent crime. Really, what you have to do is look at how the state court concludes it. Do you think that I ought to run my circuit contrary to the Tenth Circuit? I would suggest that, as far as Herron, that it's not contrary to Herron, because, number one – Well, didn't Herron say this Colorado statute was in fact a crime of violence? It did. That was before Fernandez-Ruiz was decided. And really, there was a real sea change in what was required, because in Fernandez-Ruiz, even this circuit overruled the prior case law that said that recklessness was sufficient. If there are no further questions, I'll reserve the balance of my time. May it please the Court, Celeste Corlett here on behalf of the United States from the District of Arizona in Tucson. The District Court did not err in finding that the defendant's prior conviction for his Colorado felony menacing was a crime of violence. This conviction, the statute in Colorado, meets the definition of a crime of violence under 201.2, that is a threatened use of physical force. The defendant focuses on this general intent concept. However, as the Court has already mentioned, and also in Grajeda – Is it enough for me to say, if you do that, I'm going to kill you? The issue is whether or not there is a threatened use of physical force. And the 201.2 says threats do count. But don't you have to intend to use the force? And that's part of the definition of a threat. If you look at the Colorado definition of threat, which we cite to in our answering brief on page 14, it's the purpose or intent to cause injury. So there is that intent there. And defendant relies on Leocal and Fernandez-Ruiz. However, those specifically did not deal with attempt or threatened use of force. At page 8 on Leocal, it says that it is specifically not dealing with threatened or attempted use of force. And Fernandez-Ruiz dealt with the use of force, again, not the threatened use of force. Let me ask you a question, ma'am. Is this a categorical match? Yes, Your Honor. So you suggest that the statutes are categorically the same and we don't need to go to the modified categorical? That's correct. What do I make of the Colorado statute that talks about a class 3 misdemeanor? Well, this case is because it uses a gun. But we don't know that when we're looking at the charge. We know that it's, if we look at the jury instructions from Colorado, we find that the defendant in the State of Colorado at a place by threat or physical action knowingly placed or attempted to place another person in fear of serious bodily injury. We don't know unless we really get to a modified categorical that there is a gun, do we? Well, I think that we do. If I could have just one moment. On the face of the statute? Yes, because the Colorado statute under menacing, it says that they commit the crime of menacing, and it goes on to all of the elements, and then also by the use of a deadly weapon or article. That is for a class 5 felony, correct? That is for a class 5 felony. We do have menacing as a class 3 misdemeanor. Yes, there is a menacing of class 3. So then we really have to look then under the modified categorical approach in order to determine what kind of a crime was committed here. I guess I'm not understanding because, I mean, as I look at the statute, it has both. Well, it has a class 3 felony, and it also has a class 5 felony. And only the class 5 felony comes under the deadly weapon. And the class 3 felony, we don't know what it does. So in order for us to make sure this is a class 5 felony, which would meet the categorical match, we really have to look at the modified categorical approach, don't we? Well, I'm not sure about that either. I see what you're saying about that it's not the deadly weapon. You'd have to see which class of felony it was. But it still, under either type of menacing, it still is a threat or physical action and putting the person in fear of imminent serious bodily injury. So it still meets the threatened use of physical force. You know, I just, okay. This is very confusing, this whole area, because is it really a threat? Is it really a crime of violence simply to put someone in fear? That's what's bothering me. It would seem that the crime of violence requires more than that. Well, and I think the statute is more than that. It says it's not just a fear, but a fear of physical force or a fear of serious bodily injury. And under 2L1.2, threats do count as crimes of violence. Okay, under what? Under 2L1.2, under the crime of violence, under the 16-level enhancement that this defendant was sentenced under, that it does include threats. And so even a threat under 2L1.2, where there's the use of physical force, as there is here, is a crime of violence. And so it meets it under 2L1.2. Let me follow up one more question. If I take what you say as so, you're suggesting that a menacing Class 3 misdemeanor would also be a crime of violence? Yes, if there's a threatened use of physical force. So even a threat, a Class 3 misdemeanor in Colorado would make such a crime? Well, I have to say it. I have to look at the Class 3 misdemeanor to see if it's 12 months or more. I looked at it. I guess that's my worry. Okay. Well, if it doesn't meet the definition of a felony under the federal definition, then I'm not sure that it would be a 16-level enhancement. But then don't we have to go to the modified categorical? That's my worry. I mean, we have in our case law under Navarro-Lopez this rule. I'm not sure it's the best rule, but it's the rule that unless they have a categorical match, if, in fact, you can establish the state crime by less or by doing other conduct than is required under our federal statute, that you can't even look at the modified categorical. Well, but we know that this is a felony conviction. It's not a misdemeanor conviction. We know that it's a felony conviction. So if it is a felony conviction, it meets the definition of felony for 16-level enhancement, which is 12 months or more possible sentence, and then it meets the other crimes of violence and that's threatened use of physical force. But even under the modified, the government argued that it does meet that definition. Well, certainly if we go to the modified, we know what happened based on the, if you will, the complaint or the information comparing it with the jury instructions and what was pled to and all of that. But my worry is can I get there to look at it? Well, I think because this is a felony conviction that we can. And I'd also like to just briefly address the defendant's claim that the Tenth Circuit case came after Fernandez-Ruiz. That's true as far as the Ninth Circuit is concerned, but Leal Call was before the Tenth Circuit case. So that case, the Tenth Circuit where it did find this was a crime of violence, did come after Leal Call, which does discuss the whole use of force, and this case does have the use of force. And again, we'd also like to emphasize that general intent crime does qualify. As this Court has already said in Grajeda, it still has what Leal Call and Fernandez-Ruiz were concerned about, that it's violent and active. It's not merely accidental. And in just the brief time that I had left, I would also like the Court to take judicial notice of the documents that we filed in our SCR. These documents, it was a procedural oversight that they were not officially filed in the district court, but obviously the probation officer, the defense counsel, the government, and the district court all considered those judicially noticeable documents in its sentence. What relevance are they? Well, if this Court were to look at the modified categorical approach, then we would ask that they So only in looking on the modified categorical approach, correct? Well, I would also say that I mean, if you are arguing it's a categorical match, we haven't got to move to the modified. Well, it does show which offense the defendant was convicted of, which is that But we're not really worried about that under categorical. We're only worried about looking at the statute and matching it with ours, aren't we? Well, it also does say that it's a felony menacing offense that he was convicted of in the amended information. And so I think that the fact that it's the felony also is important. Unless the Court has any other questions and would like How did this not get into the record? I'm sorry, pardon me? How did this not get into the record? You said it was just an oversight. I can't say that I know. It's not part of the record on why it was not. So I don't know. I can't say why that wasn't. I believe it was just a procedural oversight in moving to make those part of the record. But as it's clear from the sentencing transcript, all the parties discussed it, probation discussed it,  Thank you, Your Honors. I have nothing further unless the Court has any questions. I have nothing further. There don't appear to be any. Thank you. Thank you, Your Honor. The matter to start is submitted for decision.
judges: Moody, Schroeder, Smith N. R.